OPINION
{¶ 1} Appellant Allstate Insurance Company appeals the June 10, 2003, decision of the Fairfield County Court of Common Pleas which granted summary judgment on behalf of Appellee Frederick R. Bradford.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} The accident giving rise to this case occurred on March 17, 1999, wherein Augusta Eads was a passenger in a vehicle being driven by her husband, Glenn Eads. Said vehicle was involved in an automobile accident caused by Mr. Eads. Augusta Eads died the following day as a result of the injuries she sustained in the accident.
 {¶ 4} At the time of the accident, the automobile involved in the accident was insured under a policy of insurance issued by State Farm Mutual Automobile Insurance. with limits of $100,000.00, which State Farm paid.
 {¶ 5} Appellee Frederick R. Bradford is the grandson of the Augusta Eads. At the time of the accident, Appellee had in effect his own personal auto policy with Appellant Allstate Insurance Company.
 {¶ 6} On May 29, 2001, Appellee gave notice to Allstate of his claim for UM/UIM.
 {¶ 7} On August 27, 2001, Appellant Allstate denied Appellee's claim citing language in the policy requiring that legal action be brought within two years from the date of the accident.
 {¶ 8} On December 10, 2002, Appellee filed a complaint against State Farm seeking a declaration of coverage.
 {¶ 9} Appellee filed a Motion for Partial Summary Judgment.
 {¶ 10} The trial court, in a judgment entry filed on June 10, 2003, granted summary judgment in favor of Appellee.
 {¶ 11} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 12} "I. The trial court erred in granting plaintiff-appellee's motion for summary judgment because he failed to bring a legal action against defendant-appellant within two years of the accident that gave rise to his sexton claim.
 {¶ 13} "II. The trial court erred in granting plaintiff-appellee's motion for summary judgment because the ohio supreme court's holding in Ferrando v. Auto Owners MutualInsurance Company (2002), 98 Ohio St.3d 186, does not apply to contractual limitations provisions.
 {¶ 14} "III. The trial court erred in granting plaintiff-Appellee's motion for summary judgment because the "other insurance" provision in his policy of insurance does not render the policy's contractual limitations provision ambiguous."
{¶ 15} SUMMARY JUDGMENT STANDARD
 {¶ 16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 17} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 18} A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 19} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 20} It is based upon this standard that we review appellant's assignments of error.
 I., III. {¶ 21} In the first and third assignments of error, Appellant argues that the trial court erred in failing to find that Appellee was required to bring his legal action within two years from the date of the accident. We disagree.
 {¶ 22} The relevant portions of the Allstate insurance policy reads in relevant part:
 {¶ 23} "Legal Actions
 {¶ 24} "Any legal action against Allstate must be brought within two years of the date of the accident. No one may sue us under this coverage unless there is full compliance with all of the policy terms and conditions.
 {¶ 25} "If there is other insurance
 {¶ 26} "If the insured person was in, on, getting into or out of, or on or off a vehicle you do not own which is insured for uninsured motorists, or a similar type of coverage under another policy, then coverage under uninsured motorist insurance part 3 of this policy will be excess.
 {¶ 27} "Uninsured Motorists Insurance-Limits of Liability
 {¶ 28} "We are not obligated to make payment for bodily injury under this coverage which arises out of the ownership, maintenance or use of an underinsured motor vehicle until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements."
 {¶ 29} Upon review of these policy provisions, we agree with the trial court that under the facts of this case, the provisions requiring that Appellee bring the action within two years, the "other insurance" provision making the Allstate coverage excess, and the UM/UIM limits language requiring complete exhaustion "by payment of judgments or settlements" of all limits of liability for all liability protection in effect and applicable at the time of the accident are in conflict and therefore create an ambiguity, precluding enforcement of the two year commencement provision.
 {¶ 30} In the case sub judice, the State Farm policy was the primary insurance carrier. Allstate's policy provided excess coverage.
 {¶ 31} We therefore find that Appellee's claim against Allstate for excess UIM coverage did not arise until the settlement with State Farm occurred, that being December 4, 2001.
 {¶ 32} As such, we find that Appellee's claim was brought within two years from the date of settlement with the primary UM/UIM insurance carrier.
 {¶ 33} Appellant's first and third assignments of error are overruled. II.
 {¶ 34} In its second assignment of error, Appellant argues that the trial court erred in holding that Ferrando v.Auto-Owners Mutual Ins. Co. (2002), 98 Ohio St.3d 186, applied to contractual limitations provisions.
 {¶ 35} In light of our disposition of assignments of error I and III, we find Appellant's assignment of error II moot.
 {¶ 36} Appellant's third assignment of error is overruled.
 {¶ 37} The decision of the Fairfield County Court of Common Pleas is affirmed.
Boggins, J., Gwin, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.